(52 Misc. Rep. 407.)

### FARMERS' LOAN & TRUST CO. v. KIP et al.

(Supreme Court, Special Term, New York County.   December 27, 1906.)

PERPETUITIES—SUSPENSION OF ALIENATION—TESTAMENTARY TRUSTS.

> Where a testamentary trust did not authorize the sale of certain premises until the death of the survivor of two of testator's daughters, an attempted testamentary disposition by such survivor of certain property, including that embraced in the original trust, by which attempted disposition she ordered that such property should be held in trust for the use and during the life of a certain person, with remainder to persons who could not be ascertained until the death of the cestui que trust, was invalid, since if it were held valid, it would result in suspending the power of alienation for three lives.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 46, 47, 52, 53.]

Action by the Farmers' Loan & Trust Company, as substituted trustee under the will of George Jones, deceased, against Frances Coster Kip and others.   Interlocutory judgment rendered.

Man & Man, for plaintiff.

Frank L. Hall, for defendant Frances Coster Kip.

W. T. Emmett, for defendant New York Life Ins. & Trust Co.

Strong & Cadwalader, for defendant Daniel Butler Fearing.

Lyman Ward, for defendant Lewis Quentin Jones.

J. Du Pratt White, for defendant Margaret Smith.

Thomas J. Sanson, for defendant Wm. Alex. Smith.

Stewart & Scherer, for defendant United States Trust Co.

Fritz W. Hoeninghams, for defendant Wm. Burgh Kip.

NEWBURGER, J.   This action is brought by plaintiff to pass its accounts, and for directions to whom and in what proportion the balance found in its hands shall be distributed.   George Jones died in December, 1886, leaving as his only heirs three daughters, Rebecca Mason Jones, Frances Jones, and Margaret Smith; a grandson, Daniel Butler Fearing; a grandson, Lewis Quentin Jones; and a great-granddaughter, Frances Coster Kip.   George Jones died seised and possessed of certain real estate in New York City, known as "No. 70 Broadway," and left a last will and testament.   In the fourth article of the will he provides as follows:

"Fourth. I give and devise to my executor, hereinafter named, the premises extending from Broadway to New street, known as 'No. 70 Broadway,' in the city of New York, during the life of the longest liver of my daughters, Frances Jones and Rebecca Mason Jones, in trust, however, for the following purposes:   To lease the said premises, or any part thereof, for such term or terms, as to my said executor may seem advisable, to pay the taxes, charges, insurance, repairs and other expenses necessary to keep the property in good condition, and to pay over the net income of the said property semiannually to the same persons, and in the same proportions, and subject to the same conditions as are herein stated in the fifth, sixth, seventh, eighth, ninth and tenth clauses of this will in relation to the general remainder of my estate.   At the death of the longest liver of my said daughters, Frances and Rebecca, I empower my executor to sell the said premises, No. 70 Broadway, and I give and devise the proceeds thereof as follows:   One-fifth thereof to the appointees of my daughter Frances Jones, by deed or by will, and in

default of such appointment, to her heirs at law. One-fifth to the appointees of my daughter Rebecca Mason Jones, by deed or by will, and in default of such appointment, to her heirs at law. One-fifth thereof to my daughter Margaret Smith. One-fifth thereof to my grandson Daniel Butler Fearing. and if he should have died before the death of the longest liver of my said daughters, Frances and Rebecca, without lawful issue him surviving, then I give the said one-fifth to the appointees, or in default thereof, to the heirs at law of my said daughters, Frances and Rebecca, and to my said daughter Margaret Smith, and to the lawful issue living at the time of his death. of any child of mine then deceased, share and share alike, per stirpes. One-tenth thereof to my grandson Lewis Quentin Jones, and if he should die before the said longest liver of my two said daughters, Frances and Rebecca, without lawful issue him surviving, then I give and devise the said one-tenth to the appointees, or in default thereof. to the heirs at law of my said daughters, Frances and Rebecca, and to my said daughter Margaret Smith, and to the lawful issue living at the time of his death, of any child of mine then deceased, share and share alike, per stirpes. One-tenth thereof to my great-granddaughter, Frances Coster Jones, and should my said great-granddaughter have died before the death of the longest liver of my two said daughters, Frances and Rebecca. without lawful issue her surviving, I give the said one-tenth to the appointees, or in default thereof. to the heirs at law of my said daughters, Frances and Rebecca, and to my said daughter Margaret Smith, and to the lawful issue living at the time of my said great-granddaughter's death of any child of mine then deceased, share and share alike, per stirpes."

Rebecca Mason Jones died June 11, 1890. Frances died April 15, 1906. In 1897 William Alexander Smith, who was then the trustee, in proceedings instituted in this court, obtained an order authorizing the sale of No. 70 Broadway and directing the proceeds to be held as if the same were real estate and the said trust property had not been converted into money. In 1905 William Alexander Smith was discharged as trustee and the plaintiff was appointed in his place, and certain property was thereupon turned over to the plaintiff,. and this property, with the income thereon, is now to be accounted for. As the trust created under the fourth article of the will of George Jones came to an end upon the death of Frances Jones, the only question submitted is the distribution of the one-fifth which Frances Jones had power to appoint. Frances Jones by the third clause of her will makes the following disposition:

"Third. I give, devise and bequeath to the New York Life Insurance & Trust Company, a corporation having its principal place of business in the city, county and state of New York, and to its successors, all the rest. residue and remainder of my estate, real and personal, of which I shall die seized and possessed, or subject to my disposal by will, to have and to hold the same during the life of Frances Coster Kip, daughter of my nephew Alfred Renshaw Jones, now deceased, in trust and with power to the said corporation and its successors to collect and receive the rents, income and profits thereof, and to apply the said rents, income and profits to the use of the said Frances Coster Kip during her life. Upon the decease of the said Frances Coster Kip, leaving issue her surviving, I give, devise and bequeath the said rest, residue and remainder of my estate, real and personal, to her issue absolutely forever."

She thus attempts to exercise this power by giving the property in trust for the benefit of Frances Coster Kip during her life and on her death leaving to her issue surviving, and in the event that no issue survive her then to Daniel Butler Fearing and Lewis Quentin

Jones. It is apparent that this attempted disposition of the interest in 70 Broadway by Frances Jones is absolutely void. The property was tied up by George Jones' will during the lives of his daughters, Rebecca and Frances, and if the power of appointment exercised by Frances Jones were enforced it would result in suspending the power of alienation and the absolute ownership for three lives; for by the attempted exercise by Frances Jones in her will of the power of appointment it was further tied up during the life of Frances Coster Kip with remainder to persons who could not be ascertained until the death of Frances Coster Kip.

Section 158 of the real property law (Laws 1896, p. 583, c. 547) provides:

"The period during which the absolute right of alienation may be suspended by an instrument in execution of a power must be computed not from the date of such instrument, but from the creation of the power."

It is further provided by section 32 of the real property law:

"The absolute power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. Every future estate shall be void in its creation which shall suspend the absolute power of alienation by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate."

I am therefore of the opinion that the attempted exercise by Frances Jones of her power of appointment under the will of George Jones is invalid, and the fund should be distributed as provided by the will of George Jones, viz.: One-third to Margaret Smith, which interest has since passed to William Alexander Smith; one-third to Daniel Butler Fearing; one-sixth to Lewis Quentin Jones; and one-sixth to Frances Coster Kip. Having held that the attempted appointment by Frances Jones is void, it necessarily follows that the fund cannot be charged with the payment of any of her debts or pecuniary legacies.

Submit findings and interlocutory judgment in accordance with the views expressed, and providing for the taking of the plaintiff's accounts before a referee